# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **MGP ELECTRONICS, INC.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-00483-HAB-SLC ) |
| **ELECTRONIC DESIGN & SALES, INC.,** | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are a motion to stay this matter pending arbitration (ECF 3) and a motion to compel arbitration of Defendant's counterclaims and stay this matter (ECF 22), filed by Plaintiff. Both motions have been fully briefed by the parties (*see* ECF 15, 16, 23, 25), and as such are ripe for ruling. For the following reasons, the Court GRANTS Plaintiff's motion to compel arbitration and stay this matter (ECF 22) and terms Plaintiff's initial motion to stay (ECF 3) as moot.

### A. Background

Plaintiff initially filed this case on September 6, 2019, in the South Bend Division of the Northern District of Indiana alleging breach of contract, violation of the Indiana Sales Representative Commission Act, and unjust enrichment ("the contract claims"). (ECF 1). More specifically, Plaintiff, a Michigan corporation, entered into a contract with Defendant, an Indiana corporation, whereby Plaintiff was to act as Defendant's "exclusive sub-representative" to sell and promote its products in and around Detroit, Michigan. (*Id.*). Defendant allegedly breached this contract by withholding sales commissions owed to Plaintiff and by terminating the contract in bad faith. (*Id.*).

Plaintiff, in its complaint and by separate motion (ECF 3), requested that the Court stay the case pending an arbitration action it had initiated pursuant to an arbitration clause in the contract. On September 26, 2019, Magistrate Judge Michael Gotsch ordered the case stayed, after Defendant failed to respond to Plaintiff's motion. (ECF 5). Magistrate Judge Gotsch, however, subsequently vacated that order, after Defendant argued that it did not receive service of the motion to stay until September 23, 2019. (ECF 12). Defendant also moved to dismiss the case, or in the alternative, to transfer it to the Fort Wayne Division (ECF 8), and filed counterclaims alleging state law defamation against Defendant ("the defamation counterclaims") (ECF 14). Defendant's defamation counterclaims concern multiple instances in which Plaintiff's president allegedly contacted third parties, sometimes lying about his identity, to falsely accuse Defendant's president and vice president of misconduct and a lack of integrity in their trades, professions, and business. (*Id.*). District Judge Jon DeGuilio subsequently granted the motion to transfer (ECF 8), bringing the matter before this Court (ECF 17).

In opposition to the motions to stay, Defendant contends that its defamation claims are outside the scope of the contract's arbitration agreement. (ECF 8 at 2; ECF 23 at 2, 4). As such, it contends that the defamation counterclaims should continue in federal court, simultaneous with the parties arbitrating the contract claims. (ECF 23 at 5). Plaintiff in turn contends that the alleged defamation is related to the conduct arising from the contract, and as such falls within the broad language of the contract's arbitration agreement. (ECF 25 at 3; ECF 16 at 4 ("the parties' contractual arbitration clause contains the broadest possible language and covers '[a]ny controversy, claim, or dispute arising out of or relating to this [A]greement . . . whether arising during or after the period of this Agreement . . . .'" (quoting ECF 1-1 ¶ 10)).[1] Further, Plaintiff is

---
[1] Plaintiff attached the full agreement of the parties, including the relevant arbitration clause, to its Complaint. (*See* ECF 1-1).

raising truth as an affirmative defense to the defamation claims, namely that Defendant did in fact violate the parties' contract and wrongfully withheld money owed to Plaintiff. (ECF 22 at 4-5). As such, Plaintiff contends that allowing Defendant's defamation claims to go forward in Court would risk creating contrary and duplicative rulings between the Court and the arbitrator.

## B. Legal Standards

Pursuant to the Federal Arbitration Act, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that the phrase "involving commerce" is the functional equivalent of "affecting commerce," which "normally signals Congress' intent to exercise its Commerce Clause powers to the full." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995).

"It is well settled in both commercial and labor cases that whether parties have agreed to submi[t] a particular dispute to arbitration is typically an issue for judicial determination." *Granite Rock Co. v. Int'l Bhd. of Teamsters,* 561 U.S. 287, 296 (2010) (alteration in original) (citations and internal quotation marks omitted). In general, a court can only compel arbitration where the parties entered into a validly formed agreement to do so. *Id.* at 297. "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). "Once it is clear, however, that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Id.* (citations and internal quotation marks omitted). Further, "where, as here, parties concede that they have agreed to arbitrate *some*

matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Granite Rock,* 561 U.S. at 298 (citations and internal quotation marks omitted); *see also Int'l Bhd. of Elec. Workers, Local 21 v. Ill. Bell Tel. Co.*, 491 F.3d 685, 687-88 (7th Cir. 2007) ("[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (citation and internal quotation marks omitted)).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). Pursuant to the Federal Arbitration Act, a district court must grant a requested stay pending arbitration where two conditions are satisfied: "(1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration." *C. Itoh & Co. (Am.) Inc. v. Jordan Int'l Co.*, 552 F.2d 1228, 1231 (7th Cir. 1977) (interpreting 9 U.S.C. § 3).

### C. Analysis

Here, the parties agree that a valid arbitration agreement exists. (*See* ECF 15 at 1). Further, there can be no doubt that the Federal Arbitration Act applies. The contract at issue detailed a distribution agreement between Indiana and Michigan corporations for the sale and distribution of commercially produced products. (*See* ECF 1-1). As such, the contract clearly "involve[d] commerce." 9 U.S.C. § 2. The only dispute is to the arbitration clause's scope. Defendant contends that because it is raising state law defamation claims that did not arise until

4

after the agreement was terminated, such disputes are sufficiently outside the scope of the arbitration agreement. The Court disagrees.

As mentioned, whether the parties have submitted a dispute to arbitration is a question of interpretation reserved for the Court. *See Granite Rock,* 561 U.S. at 296. Further, because the parties have submitted the contract claims to arbitration, there is a presumption in favor of arbitration as to all claims. *Id.* Still more, by its plain text, the agreement applies to "[a]ny controversy, claim or dispute *arising out of or relating* to this Agreement . . . whether arising during or *after the period* of this Agreement, shall be settled by arbitration . . . ." (ECF 1-1 ¶ 10 (emphasis added)). "Similar types of arbitration provisions have been characterized as extremely broad and capable of an expansive reach." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (finding that a tortious interference claim sufficiently arose from or related to a distribution contract to fall under its arbitration agreement). Here, the alleged defamation of Defendant's president and vice president appears to have arisen from the parties' business relationship, which in turn stems from the parties' written contract. As such, the Court finds that, given the expansive language used in the agreement, and the presumption in favor of arbitration, Defendant's defamation claims are subject to the arbitration agreement.

Further, it appears that both parties are currently arbitrating the contract claims. (*See* ECF 16 at 1; ECF 22 at 1). Thus, there is no claim that the moving party, Plaintiff, is in default with respect to the arbitration. Accordingly, because the matter is subject to a written arbitration agreement, and because the moving party is not in default in the underlying arbitration proceeding, the Court must stay this matter pending arbitration. *See C. Itoh & Co. (Am.) Inc.*, 552 F.2d at 1231.

### D. Conclusion

In conclusion, the Court finds that Defendant's defamation counterclaims are subject to the parties' arbitration agreement. Therefore, Plaintiff's motion to compel arbitration and stay these proceedings (ECF 22) is GRANTED. Because the Court is granting Plaintiff's second motion to stay (ECF 22), Plaintiff's initial motion to stay (ECF 3) is termed as MOOT. Accordingly, this matter is stayed pending the resolution of the parties' underlying arbitration. The parties are ORDERED to file a joint status report with the Court within fourteen days following the conclusion of the underlying arbitration.

SO ORDERED.

Entered this 24th day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge